### 716.  WILCOX v. LEFFLER COMPANY.

There was no error of law; and the evidence demanded the verdict for the plaintiff, as directed by the court.

Complaint, from city court of Douglas—Judge Roan.  July 17, 1907.

Submitted November 26, 1907.—Decided February 24, 1908.

*Lankford & Dickerson,* for plaintiff in error.

*Parker & Moore, F. Willis Dart,* contra.

HILL, C. J.  Leffler Company sued Wilcox on an open account, in the city court of Douglas; and after hearing the evidence, the court directed a verdict for the plaintiff, for the full amount of the suit; and this direction of a verdict is assigned as error.

The evidence shows, that the defendant bought from the plaintiff 350 sacks of guano, known as "Leffler's special," and 5 tons of kainite, at a stipulated price, the order for the goods being contained in postal cards and letters written by the defendant to the plaintiff; that all of said guano and kainite was, according to the instructions of the defendant, delivered to the Central of Georgia Railway Company, consigned to him at Vienna, Ga.  The defendant received the shipment and repeatedly promised to pay for the same; said promises being contained in letters and postals written to the plaintiff and his attorney.  During this time, when the plaintiff was endeavoring to collect the debt from the defendant, the defendant made no claim that there was any shortage in the guano, or set up any defense whatever.  When sued on the account, he admitted ordering the guano and receiving the same by the Central of Georgia Railway, but alleged that the guano was fifty sacks short.  He made no claim on the railroad as to this shortage, and made no complaint to the plaintiff.  On the trial of the case he offered to testify that when he received the guano from the car it was short fifty sacks; but this the court refused to allow. He also objected to the admission in evidence of the postal cards and letters which he had written to the plaintiff, ordering the guano, on the ground that there was no evidence that he had written the said letters and postals.  The plaintiff testified that he was familiar with the defendant's handwriting, and that these postals and letters were in his handwriting and were received in due

course of mail. Besides, the defendant admitted in his answer that he had ordered the guano sued for. Under this evidence we think the court did right in directing a verdict for the plaintiff. There was no conflict in the evidence, and the verdict for the plaintiff was the only legal result. The court did right to exclude the evidence of the defendant that the guano was fifty sack short.. The guano having been consigned to him and delivered to the carrier, the title immediately passed into him; and if in fact there was any shortage, his remedy was against the carrier; but, as the evidence shows, he had never claimed any shortage either against the plaintiff or the carrier, but frequently promised to pay the account, and only made the claim of shortage when suit was brought.

If the rule allowing damages for delay in bringing cases to this court means anything, we think it should be applied in this case. The record fails to show any semblance of defense, and we are forced to conclude that the case was brought to this court for delay only. We therefore affirm the judgment, and award ten per cent. damages on the amount of the judgment against the plaintiff in error.

*Judgment affirmed, with ten per cent. damages on judgment for the plaintiff in the court below.*